UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CLARENCE D. JOHNSON, JR.**            **CIVIL ACTION**

**VERSUS**

           **NO. 21-561-SDD-SDJ**

**DAVID MALPRASS, et al.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 15, 2021.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLARENCE D. JOHNSON, JR.** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 21-561-SDD-SDJ** |
| **DAVID MALPRASS, et al.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Clarence D. Johnson, Jr. ("Plaintiff"), of Chicago, Illinois, who appears *pro se*, asserts claims of civil rights violations against David Malprass, Director of the World Bank; the "American Med Association;" Queen Elizabeth; "CDC Government"; Angela Byers, FBI; Vice President Kamala Harris; and Alayne Frankson Wallace, United Nations Secretary. Plaintiff also has filed a Motion to Proceed *in forma pauperis* in this case, which Motion remains pending.[1] For the following reasons, it is recommended that the Court transfer this case to the United States District Court for the Northern District of Illinois, Eastern Division.

Under the provisions of 28 U.S.C. §§ 1404(a) and 1406(a), a district court may, in the interest of justice and for the convenience of the parties, transfer a claim to a court of proper venue. Because section 1983 does not contain a venue provision, venue is determined under the general venue statute, 28 U.S.C. § 1391. *Brooks v. Wal-Mart Assocs., Inc.*, No. 19-1594, 2020 WL 3087337, at *2 (W.D. La. May 26, 2020). As set forth in the general venue provision, a civil action may be brought in:

---

[1] In light of this recommendation by the Court, a ruling on Plaintiff's application to proceed *in forma pauperis* should be deferred to the transferee court.

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For purposes of venue, a "natural person" is "deemed to reside in the judicial district in which that person is domiciled." 28 U.S.C. § 1391(c)(1). All other types of defendants reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). "General jurisdiction exists when the defendant has 'continuous and systematic' contacts with the forum state." *C.S.B. Commodities, Inc. v. Urban Trend (HK) Ltd.*, 626 F.Supp.2d 837, 852 (N.D. Ill. 2009) (citing *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)). "Under federal due process, a state may exercise personal jurisdiction over nonresidents if 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Kohler Co. v. Kohler Int'l, Ltd.*, 196 F.Supp.2d 690, 696 (N.D. Ill. 2002) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

Pursuant to 28 U.S.C. § 1406(a), a district court can transfer a case to any district or division in which it could have been brought, if it is filed in the wrong venue. *See also Pugeau v. Adams*, No. 12-0045, 2012 WL 460314, at *1 (E.D. La. Jan. 17, 2012), *report and recommendation approved*, No. 12-0045, 2012 WL 460290 (E.D. La. Feb. 13, 2012). "A district court has broad discretion in deciding whether to order a transfer, and may do so either upon a motion or *sua sponte*." *Dabney v. A&R Logistics, Inc.*, No. 14-788, 2015 WL 4210988, at *4 (M.D. La. July 10, 2015) (citing *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987)).

Here, as Plaintiff does not provide any background facts or specific allegations in his Complaint, it is unknown where "a substantial part of the events or omissions giving rise to the claim occurred." However, as Plaintiff is a resident of Chicago, Illinois, the Court surmises that at least a portion of the underlying events occurred there. The residence and/or domicile of the Defendants is only partially alleged. As alleged by Plaintiff, David Malprass resides in Washington, D.C., as does Vice President Harris. The CDC is located in Atlanta, Georgia, while Queen Elizabeth resides overseas. The locations of Angela Byers and Alayne Frankson Wallace are not provided, though phone numbers with area codes for Ohio and New York, respectively, are listed by their names. Finally, the "American Med. Association" is, like Plaintiff, located in Chicago. Thus, there is absolutely no connection to the Middle District of Louisiana evident in Plaintiff's Complaint. Not a single witness or party lives in the Middle District, and, to the Court's knowledge, no events giving rise to the action occurred here. The Court finds, therefore, that venue in this district is improper. In the interests of justice, primarily because Plaintiff, who is proceeding *pro se* and has a motion to proceed *in forma pauperis* pending, resides in Chicago, within the territorial jurisdiction of the Northern District of Illinois, Eastern Division; because one Defendant, the "American Med. Association" also is headquartered there; and because, presumably, at least a portion, if not a substantial part, of the events or omissions underlying Plaintiff's claims occurred there, the Court will transfer this case to the Northern District of Illinois, Eastern Division. *See De La Cruz v. U.S.*, No. 14-3160, 2014 WL 4705145, at *2 (D. Neb. Sept. 22, 2014) (*sua sponte* transferring case to district in which Plaintiff is located and where a substantial portion of the underlying events occurred).

For the foregoing reasons,

**IT IS RECOMMENDED**, *sua sponte*, that this action be **TRANSFERRED** to the Northern District of Illinois, Eastern Division.

Signed in Baton Rouge, Louisiana, on November 15, 2021.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**